```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JANETTE AJASIN,                                            :
                                                           :
                          Plaintiff,                       :    **ORDER**
                                                           :
            -against-                                      :    19-CV-6814 (RA) (JLC)
                                                           :
ANTONIO ORTIZ *et al.*,                                    :
                                                           :
                          Defendants.                      :
-----------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

By letter-motion dated April 5, 2021 (Dkt. No. 54), Defendants seek a conference with the Court to address the fee request of Dr. Gabriel L. Dassa, plaintiff's treating orthopedic surgeon, to appear for his deposition. Defendants also seek an extension of time to complete fact discovery for the limited purpose of taking Dr. Dassa's deposition. Dr. Dassa has apparently requested a flat fee of $5,000 (originally $7,500), and demanded that he be pre-paid at least 72 hours in advance of his deposition. Plaintiff originally failed to respond to Defendants' letter-motion, but eventually filed a letter on April 15 (Dkt. No. 58) consenting to the extension and arguing that Dr. Dassa's proposed fee is reasonable.[1] As the issue presented is straight-forward, no conference is needed.

As a threshold matter, it is well-settled that parties seeking court intervention to determine a reasonable fee for an expert deposition should do so <u>after</u> the deposition, not before

---

[1] Defendants' letter-motion states that Dr. Dassa's office advised them that "his personal attorney would be 'contacting the Court'" but no such contact has been made.

1

it has taken place.[2] Indeed, "rule [26] and the case law make[] it clear that the parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively – that is, after the deposition has taken place." *Wile v. James River Ins. Co.*, No. 17-CV-1275S (SR), 2020 WL 410071, at *3 (W.D.N.Y. Jan. 24, 2020) (quoting *Conte v. Newsday, Inc.*, No. CV 06-4859 (JFB) (ETB), 2011 WL 3511071, at *3 (E.D.N.Y. Aug. 10, 2011)).

As the Court in *Wile* observed, the underlying purpose of Rule 26 "is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free from cost. In implementing this rule, courts aim to calibrate the fee so that [parties] will not be hampered in efforts to hire quality experts, while [their adversaries] will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Id.* (cleaned up).

In addition, it is well-settled that flat fees are disfavored and "generally considered unreasonable." *Heiser v. Collorafi*, No. 14-CV-464, 2016 WL 1559592, at * 2 (N.D.N.Y. Apr. 18, 2016). In *Heiser*, as in this case, the expert requested prepayment of five thousand dollars in

---

[2] Because Defendants do not appear to contest that Dr. Dassa is owed a fee for his deposition, the Court will treat him as an expert who is entitled to a fee (despite the fact that the parties are seeking an extension of "fact discovery" to take this deposition, thus suggesting he may not, in fact, be an expert witness in the case, and despite the fact that there is nothing in the record to suggest that Plaintiff has designated him as one of her experts). *See, e.g., Patterson v. Avis Rent A Car Systems, Inc.*, 48 F. Supp. 3d 532, 533 (S.D.N.Y. 2014) (treating physician designated as expert witness entitled to reasonable fee for his deposition). The law is otherwise well-settled that if Dr. Dassa is serving solely as a fact witness in the case, he would be limited to the statutory witness fee under 28 U.S.C. § 1821. *See, e.g., Derienzo v. Metropolitan Transit Authority et al.*, No. 01-CV-8138 (CBM), 2004 WL 67479, at *2 (S.D.N.Y. Jan. 15, 2004) (employee's six treating physicians were fact witnesses, rather than expert witnesses, and thus limited to statutory witness fee); *but see Lamere v. New York State Office for the Aging*, 223 F.R.D. 85, 86 (N.D.N.Y. 2004) (treating physician's testimony governed by expert witness rule rather than rule pertaining to testimony of lay witness).

fees, and defense counsel objected.  There, the Court denied the request for a flat fee of $5000 for the first four hours of a deposition and an additional $4000 for any time beyond that, as it was deemed unreasonable.  *Heiser*, 2016 WL 1559592, at *2.

As in *Heiser,* the Court will not approve either a flat fee for Dr. Dassa or any prepayment of fees.  "Courts expect some reasonable relationship between the services rendered and the renumeration to which an expert is entitled." *Wile,* 2020 WL 410071, at *3 (quotation omitted). A flat fee, by definition, "runs counter to this principle." *Id.*  However, "the expert certainly should be reimbursed for any time during which he was unavailable to do other work." *McHale v. Westcott*, 893 F. Supp. 143, 151 (N.D.N.Y. 1995).  Accordingly, defendants should be required to compensate Dr. Dassa for the amount of time he is asked to reserve for the deposition as well as the amount of time he spends preparing for the deposition.  In this case, defendants represent that the deposition is expected to last "no more than two to four hours" so Dr. Dassa will not be taken away from an entire day of his practice.  It is also not yet established how much time he will spend in preparation for the deposition.  Additionally, the deposition will not require him to travel as it will be taken remotely.  Given all of these factors, it is simply premature to calculate the appropriate fee for Dr. Dassa's time.  *See Johnson v. Spirit Airlines, Inc.*, No. CV 07-1874 (FB) (JO), 2008 WL 1995117, at *1 (E.D.N.Y. 2008) (expert witness "may not insist on advance payment, and may not set a flat fee before he knows what he will be called upon to do; he may instead charge only a reasonable hourly fee").

Accordingly, the deposition should proceed as soon as practicable and the Court grants the request to extend discovery for purposes of taking Dr. Dassa's deposition.  Once the deposition has concluded, the parties should attempt to resolve the issue of a reasonable fee consensually.  Failing agreement, an application may then be made to the Court to determine the

appropriate fee (with citations to specific authority to justify a particular fee).[3] The Clerk is directed to close Docket No. 54 and mark it as "granted."

**SO ORDERED.**

Dated: April 16, 2021
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[3] Plaintiff has argued that, because Dr. Dassa's accountant has calculated that his average daily revenue is almost $20,000, his $5000 fee request is reasonable. However, plaintiff has cited no authority to support this argument, and the Court is not aware of any.

4