UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JANETTE AJASIN,

                 Plaintiff,                  **ORDER**

    -against-                         19-CV-6814 (RA) (JLC)

ANTONIO ORTIZ *et al.*,

                 Defendants.
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Plaintiff is seeking an extension of the time to respond to defendants' requests for admission ("RFAs"). Dkt. No. 62. Defendants oppose the request. Dkt. No. 66.

      The RFAs were served on February 24, 2021, and purportedly attach 190 pages of exhibits. Under Rule 36, "[a] matter is deemed admitted unless, within 30 days of being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Thus, plaintiff had until March 29, 2021 to respond.[1] However, plaintiff failed to respond by March 29. Instead, three days later, on April 1, 2021, her counsel both called and emailed defense counsel to request a brief extension of five to ten days due to press of other business, admitting that it was his fault that he had not yet responded to the RFAs. Dkt. No. 62, Exh. C. Having heard nothing from defendants, plaintiff's counsel emailed again on April 26 to inquire whether they would agree to an extension. *Id.*, Exh. D. Finally, on May 5, defendants advised plaintiff's counsel that they would not agree to the extension. *Id.*, Exh. E. Plaintiff then presented the dispute by letter dated May 7, requesting an extension from the Court.

---

[1] Under Rule 6(a)(1), plaintiff had 30 days beginning on February 25, as the day that triggers the

Defendants oppose the request for an extension. They argue that plaintiff never requested an extension of time to respond within the applicable 30-day response period. Dkt. No. 66, at 1. They also contend that plaintiff's failure to comply with the requirements of Rule 36 is part of a pattern of non-compliance throughout the litigation. *Id.* Citing Rules 6 and 36, defendants claim that plaintiff's counsel has not demonstrated excusable neglect regarding his failure to timely respond to the RFAs. *Id.* at 2.

While it is clear from the record that plaintiff did not comply with Rule 36 in failing to respond to the RFAs within 30 days, in these circumstances, the Court believes that a brief extension to submit responses is appropriate. Notably, Rule 36 specifically provides that "[a] shorter or longer time for responding may be stipulated to under Rule 29 **or be ordered by the Court**." Fed. R. Civ. P. 36(a)(3) (emphasis added). Thus, the Court has authority to grant a longer time to respond.[2] Moreover, unlike in *Mason Tenders Dist. Council Welfare Fund v. LJC Dismantling Corp.*, 400 F. Supp. 3d 7, 22 (S.D.N.Y. 2019), a case cited by defendants, plaintiff does not have a "history of failing to participate in discovery" in this case. In *Mason Tenders*, the non-responding party waited almost two months before requesting an extension. In this case, plaintiff sought an extension only three days after the due date (and defendants took more than a month to respond to the request), and thus there is no evidence of bad faith.

---

period is excluded (here, February 24) and 30 days from February 25 is March 27, which was a Saturday. Under Rule 6(a)(1)(C), weekend days and holidays are excluded, so the deadline was March 29.

[2] As other judges in this Circuit have observed, it appears that "the standard for determining whether a party can avoid the stated consequences of failing to comply timely with a request for admissions has not been firmly established." *Gonzalez v. Penn Station Shoe Repair, Inc.*, No. 20-CV-1222 (JPC), 2021 WL 1178089, at *2 (S.D.N.Y. Mar. 29, 2021) (quoting *Jindan Wu v. Seoul Garden, Inc.*, No. 16-CV-3613 (ARR) (ST), 2018 WL 507315, at *6 (E.D.N.Y. Jan. 22, 2018) (internal quotation marks and citation omitted). The court in *Wu* determined that "some combination of the following factors is relevant: (1) whether allowing for the untimely responses

Additionally, defendants have not identified any prejudice in a brief extension of plaintiff's time to respond to the RFAs. The RFAs largely consist of requests that plaintiff confirm that various photographs of her were taken after a certain date (by the Court's count, 14 of the 23 RFAs fall into this category). Very few seek admission of specific facts related to plaintiff's claims. Moreover, no dispositive motions have yet been made. Thus, defendants will not be prejudiced if plaintiff is given a brief extension.

While in no way countenancing plaintiff's violation of the requirements of Rule 36, the Court believes that the interests of justice warrant a brief extension here as it would "further the assessment of the merits of the case." Therefore, plaintiff shall have until **May 20, 2021** to submit her responses to the RFAs. Failure to do so by that date will result in their being deemed admitted.

**SO ORDERED.**

Dated: May 12, 2021
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

would further the assessment of the merits of the case; (2) whether the opposing party would suffer prejudice; and (3) whether the response is untimely due to a lack of good faith." *Id.* at *7. The Court has considered these factors in reaching its conclusion here.